**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**HERACLIO GAONA-SEPULVEDA,** )<br>)<br>**Defendant.** )<br>_____) | **Case No. 00-20066-06** |

## **MEMORANDUM AND ORDER**

This case is before the court on defendant Heraclio Gaona-Sepulveda's pro se Motion to Reduce Sentence (Doc. 297) and Motion for Permission to Proceed under 28 U.S.C. § 2255(h) (Doc. 301). Defendant claims that the sentence enhancement for possession of a firearm by a person who commits a drug offense, under U.S.S.G. § 2D1.1(b)(1), is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, this court dismisses defendant's motion to reduce sentence and denies his motion requesting permission to proceed under 28 U.S.C. § 2255(h).

**I.   Background**

Defendant was found guilty by a jury of conspiracy to distribute and possess with intent to distribute at least one kilogram of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The court imposed a 264-month sentence (which was later reduced to 235 months per Amendment 782). Defendant directly appealed, and the Tenth Circuit affirmed the district court and issued a mandate on August 19, 2002. Defendant's writ of certiorari was denied on December 2, 2002.

**II.   Motion to Reduce Sentence**

On June 17, 2016, defendant filed his current motion to reduce sentence. "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Bowman*, 645 F. App'x 774, 775 (10th Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)). Although not specifically cited by defendant, 18 U.S.C. § 3582(c)(2) is not a means for "challeng[ing the constitutionality of a sentence based on a decision of the United States Supreme Court." *Bowman*, 645 F. App'x at 776 ("[Section 3582(c)(2) authorizes a sentence reduction only if a defendant's guideline range 'has subsequently been lowered by the Sentencing Commission.'"). Defendant must challenge the constitutionality of his sentence on direct appeal or in a § 2255 petition. *Id.* Defendant's motion to reduce sentence is dismissed

### III. Motion to Proceed Under § 2255

Defendant requests permission to proceed under § 2255 more than a decade after his conviction was final. He relies on the right that the United States Supreme Court recognized in *Johnson*, which was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *See* 28 U.S.C. § 2255(f)(3). But *Johnson* did not clearly invalidate the sentence enhancement under U.S.S.G. § 2D1.1(b)(1). *See United States v. Romero*, No. 05-20017-02-JWL, 2016 WL 4128418, at *1 (D. Kan. Aug. 3, 2016) ("The only connection between *Johnson* and § 2D1.1(b)(1) is that both concern unlawful possession of a firearm.") (quoting *United States v. Munoz*, 198 F. Supp. 3d 1040, 1044 (D. Minn. 2016)). Instead, *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. Even if the court construes defendant's motion to reduce sentence as a collateral challenge filed pursuant to § 2255 motion, it would be untimely under the statutory one-year limitation period. *See* 28 U.S.C. § 2255(f)(1). Defendant's motion requesting permission to proceed under § 2255 is denied.

**IT IS THEREFORE ORDERED** that defendant Heraclio Gaona-Sepulveda's Motion to Reduce Sentence (Doc. 297) is dismissed.

**IT IS FURTHER ORDERED** that defendant's Motion for Permission to Proceed under 28 U.S.C. § 2255(h) (Doc. 301) is denied.

Dated this 10th day of May, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**